## KEOGH v. NEELY.
### No. 4494.

Circuit Court of Appeals, Seventh Circuit.
June 11, 1931.

John W. Keogh, pro se.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill., and William J. Duiker, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from a decree of the District Court dismissing appellant's bill upon appellee's motion. The bill charges in substance:

(a) Section 6 of article 4 of the Constitution of the State of Illinois provides that the General Assembly shall apportion the state into senatorial districts every ten years, beginning 1871; that it was the duty of the state to make such apportionment, but that the Legislature has failed in such duty, and has not reapportioned the state since the year 1901, since which time the change in population has been such that the last apportionment has become unjust and unequal, and deprives the inhabitants of certain parts of the state of equal representation in the General Assembly.

(b) That section 4 of article 4 of the Constitution of the United States provides that the United States shall guarantee to every state in this Union a republican form of government, and that the failure of the Legislature of the state to reapportion the state denies to the inhabitants of Illinois a republican form of government.

(c) That the ordinance of 1787 provides that the inhabitants of the territory shall receive the benefit of proportionate representation in the Legislature.

(d) That the Illinois Legislature has for more than twenty years refused, and still refuses, to justly reapportion the state, and that thereby certain districts of the state, and the inhabitants thereof, are without equal and just representation.

(e) That the government of the United States, under section 4 of article 4 of the United States Constitution, is obligated to enforce section 6 of article 4 of the Constitution of Illinois, requiring apportionment every ten years; that the United States has failed during the past twenty years to observe this mandate and to secure equal representation and a republican form of government for the inhabitants of the state of Illinois; and that because of such failure the government of the United States has ceased to have authority under the laws of the United States to levy or collect taxes within the state of Illinois from the citizens thereof.

(f) That appellee is the United States collector of internal revenue for the First district of Illinois.

(g) That the United States Revenue Act of 1928 is unconstitutional, and in direct violation of art. 5 of the amendments to the United States Constitution, which provides that property shall not be taken without due process of law or without just compensation.

(h) That appellant is a citizen of Illinois residing in said First district, and owns property, and has gross income from his property for the taxable year 1929 in excess of $5,000, but that he has not filed any federal income tax return nor paid any tax for that year, and refuses so to do.

(i) That appellee threatens to compel appellant to file federal income tax return for the year 1929 and pay the income taxes thereon, and, unless restrained by injunction, will levy upon and sell appellant's property to satisfy such income tax.

The bill asks preliminary and perpetual injunction restraining appellee from taking any steps to enforce collection from appellant of any federal income tax under the Revenue Act of 1928 (26 USCA § 2001 et seq.)

In support of the claim of unconstitutionality of the Revenue Act of 1928 it is contended in appellant's main brief that Amendment 16 to the federal Constitution, authorizing the levying of taxes on incomes, was never lawfully enacted, as provided in article 5 of the federal Constitution, in that it was ratified by the Legislatures of the several states, and not by conventions of the people of the states. United States v. Sprague et al. (D. C.) 44 F.(2d) 967, is relied on. Since the filing of appellant's brief the order of the District Court in the Sprague Case was reversed by the Supreme Court in 282 U. S. 716, 51 S. Ct. 220, 75 L. Ed. 640, 71 A. L. R. 1381, the court holding lawful ratification by the Legislatures of a constitutional amendment. Upon oral argument appellant vigorously contended that the decision of the Supreme Court is unsound and should not be followed by us; but we are not convinced of our liberty to disregard it.

To the proposition that republican government in Illinois has failed because of the omission of the Illinois General Assembly to redistrict the state as charged in the bill, we cannot yield assent.

The proposition that, because the federal government has not compelled the Illinois Legislature to redistrict the state into senatorial districts, it has failed to carry out the constitutional guaranty to the states of republican form of government, and that there-

by the citizens of Illinois are relieved from paying federal income taxes, is entirely without merit.

Even though the federal government were constitutionally empowered and required to compel the state to obey the state's constitutional requirement of decennial reapportionment for legislative purposes, the failure of the federal government to conform would not relieve the citizens of the state from the duties and the burdens imposed upon them by the federal Constitution. If this were not so, the citizen, while still remaining in the country, might then with impunity set at naught the federal Constitution and laws, and thus virtually secede from the government. This can in no event be sanctioned, especially since the stirring events of the years 1861 to 1865.

Courts have no power to stay the hand of the federal government in the collection of its constitutionally authorized taxes, upon the ground alone that the government has itself been derelict in its observance of other provisions of the federal Constitution, and particularly not when such other provisions in no manner affect the taxes in issue.

We are satisfied that the bill states no cause of action, and was properly dismissed. The decree is affirmed.