JAMES E. RAMSDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ramsden v. Commissioner
Docket No. 1111-77.
United States Tax Court
T.C. Memo 1978-158; 1978 Tax Ct. Memo LEXIS 358; 37 T.C.M. (CCH) 695; T.C.M. (RIA) 780158; April 24, 1978, Filed James E. Ramsden, pro se. Scott R. Cox, for respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's Motion for Summary Judgment which was filed in Milwaukee, Wisconsin, on March 29, 1978, when the case was called for trial. There is no dispute between the parties as to any material issue or fact. Respondent determined a deficiency in petitioner's income tax for the calendar year 1974 in the amount of $1,722.05 and additions to tax under sections 6651(a)(1), 6653(a) and 6654, I.R.C. 1954, [1] *359 in the amounts of $43.51, $86.10 and $55.10, respectively.
Petitioner, an individual who resided in Hager City, Wisconsin, at the time the petition in this case was filed, on or about April 15, 1975, filed with the Internal Revenue Service a document on Form 1040 for 1974 showing his name, address, social security number, and number of exemptions as 1. The only other statements appearing on this Form 1040 were the words "Object - Fifth Amendment" or similar words written in the spaces provided for reporting income and claiming deductions. Attached to the Form 1040 filed by petitioner was a document entitled "Petition and Protest" asserting rights which petitioner claimed under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments and provisions of the Administrative Procedures Act. Attached to the document labeled "Petition and Protest" were copies of various excerpts from the United States Constitution, copies of statutes and various court decisions, as well as copies of pages from certain textbooks and newspaper or magazine articles. Respondent, in his notice of deficiency, determined *360 that petitioner during the calendar year 1974 received $7,950 in commissions income from Feldman Insurance Agency. On this basis, respondent computed petitioner's income and selfemployment tax. Respondent stated as the basis of his determination of an addition to tax under section 6651(a)(1) that no return had been filed by petitioner and as a basis for the addition to tax under section 6653(a) that a part of the underpayment was due to negligence or intentional disregard of rules and regulations by petitioner. Respondent computed the addition to tax under section 6654(a) for underpayment of estimated tax on the basis of one-quarter of the tax as computed by respondent being due on each April 15, 1974, June 15, 1974, September 15, 1974, and January 15, 1975. Petitioner in his petition filed with this Court assigned as errors: (1) The unconstitutionality of this Court since it was not created under Article III of the Constitution; (2) the unconstitutionality of placing the burden of proof on petitioner; (3) petitioner's constitutional right to a jury trial; (4) that bank notes not redeemable in gold and silver coin are not dollars or money; (5) that the deficiency is *361 null and void because its determination violates petitioner's rights to due process and rights against selfincrimination under the Fifth Amendment of the Constitution; (6) that respondent erred in determining a deficiency without a full factual basis; (7) that the method of the determination by respondent and the imposition of "fines and penalties" amounts to a Bill of Attainder and extortion, and is an unconstitutional procedure; and (8) that petitioner had been denied his right to petition representatives of the Government in violation of his rights under the First Amendment to the Constitution. The facts which petitioner alleges in support of his assignments of error are merely restatements of the assignments in somewhat different language except that petitioner did allege that he filed an income tax return for the year 1974. All of the issues raised by petitioner in this case have been disposed of contrary to his contentions by this Court and other courts in numerous cases. In Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), we held that this Court was properly created as an Article I court and that exercise of the jurisdiction conferred *362 upon it by Congress does not violate Article III of the Constitution. In Rockwell v. Commissioner,512 F.2d 882, 887, (9th Cir. 1975), affg. a Memorandum Opinion of this Court, the Court rejected an argument that placing the burden of proof on petitioner was unconstitutional stating that the argument borders on the frivolous. See also Roberts v. Commissioner,62 T.C. 834 (1974). We have also pointed out in a number of cases that a taxpayer in this Court has no right to a jury trial. Cupp v. Commissioner,65 T.C. 68, 86 and cases there cited (1975), affd. 559 F.2d 1207 (3d Cir. 1977). In the Cupp case (supra at 80-81), we rejected an argument that only gold and silver or notes redeemable in gold and silver are legal money. See also Hatfield v. Commissioner,68 T.C. 895 (1977). In the Cupp case we also rejected an argument comparable to that made by petitioner in the instant case that requiring the filing of an income tax return violated a taxpayer's rights under the Fifth Amendment. This Court and other courts have held to this effect in numerous other cases. The right of respondent *363 to use third-party sources for his determination when a taxpayer furnishes him no information from which to properly compute his tax has been uniformly upheld. See Roberts v. Commissioner,supra at 836, and cases there cited. In both Cupp v. Commissioner,supra, and Roberts v. Commissioner,supra, we rejected arguments similar to petitioner's "Bill of Attainder" argument. Again, in Cupp v. Commissioner,supra at 83, we rejected the taxpayer's argument that the procedure used by respondent to determine his tax liability violated his right to petition for redress of grievances or any other rights of petitioner under the First Amendment to the Constitution. In Cupp v. Commissioner,supra, and in Hatfield v. Commissioner,supra, as well as numerous other cases, we held a 1040 Form comparable to that filed by petitioner in this case not to constitute a "return" within the meaning of the revenue laws. See also United States v. Daly,481 F.2d 28 (8th Cir. 1973). In short, the various constitutional objections to the filing of a proper return *364 and payment of income tax made by petitioner in this case have been disposed of contrary to his contentions in numerous cases. In this regard, see Porth v. Brodrick,214 F.2d 925 (10th Cir. 1954) and Keogh v. Neely,50 F.2d 685 (7th Cir. 1931). In his petition, petitioner assigned no error to respondent's determination of an addition to tax for intentional disregard of rules and regulations or for his failure to pay estimated tax. The burden of showing any error in these determinations is on petitioner, and failure to assign error to such a determination leaves that determination not properly in issue before this Court. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩