**PORTH v. BRODRICK.**
No. 4811.

United States Court of Appeals
Tenth Circuit.

Aug. 7, 1954.

Jean Oliver Moore, Wichita, Kan., for appellant.

William C. Farmer, U. S. Atty., Wichita, Kan., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Karl Schmeidler, Sp. Assts. to the Atty. Gen., for appellee.

Before PHILLIPS, Chief Judge, PICKETT, Circuit Judge, and KENNEDY, District Judge.

PER CURIAM.

A. J. Porth, herein referred to as taxpayer, instituted this action against the Collector of Internal Revenue for the State of Kansas to recover the sum of $135 which he alleged was erroneously and illegally paid on his declaration of estimated income tax for the year 1951. The trial court dismissed the petition upon the Collector's motion on the ground that it failed to state a claim upon which relief could be granted. The taxpayer appealed.

The taxpayer filed his declaration of estimated income tax for 1951 and at the same time paid $135. On the same day he filed a claim for a refund of $135 with the Internal Revenue Service in Wichita, Kansas. The claim was not acted upon within six months and the taxpayer brought this action to recover the $135. The petition alleged that the Sixteenth Amendment to the United States Constitution which gives Congress the power "to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration" was illegal and unconstitutional because the taxpayer was placed in a position of involuntary servitude contrary to the Thirteenth Amend-

ment to the United States Constitution.[1] The petition further alleged that the clear intent of Congress in adopting the Sixteenth Amendment was to provide for a fair, just and reasonable source of revenue to the United States Government through a simple and direct levy or tax upon the income of the people, but that Federal tax legislation enacted after the ratification of the Sixteenth Amendment has given rise to such a mass of ambiguous, contradictory, inequitable and unjust rules, regulations and methods of procedure, that the taxpayer's rights as a citizen of the United States have been placed in jeopardy because the present and existing tax laws, rules, regulations and methods of procedure have compelled him to assume unreasonable duties, obligations and burdens in order to make a just accounting of his income and pay the tax thereon. If the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment.[2] Marcus Brown Holding Co. v. Feldman, 256 U.S. 170, 199, 41 S.Ct. 465, 65 L.Ed. 877; In re Slaughter-House Cases, 16 Wall. 36, 69, 21 L.Ed. 394; Butler v. Perry, 240 U.S. 328, 333, 36 S.Ct. 258, 60 L.Ed. 672; Hodges v. United States, 203 U.S. 1, 16, 27 S.Ct. 6, 51 L.Ed. 65; United States v. Harris, 106 U.S. 629, 640, 1 S.Ct. 601, 27 L.Ed. 290.

The allegations of the petition are very broad and it is difficult, if not impossible, to determine therefrom just what the complaint is except that there exists a strong dislike for the taxing procedure. Apparently the taxpayer, while recognizing the taxing power of the United States, attacks both the legality of the Sixteenth Amendment and the constitutionality of the Federal tax laws, rules and regulations enacted pursuant there-

to. It is admitted that a federal income tax may be levied under the Sixteenth Amendment and no law, rule, or regulation is referred to which impinges upon or destroys any right guaranteed the taxpayer by the Constitution. The claim is clearly unsubstantial and without merit. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. In Abney v. Campbell, 5 Cir., 206 F.2d 836, certiorari denied 346 U.S. 924, 74 S.Ct. 311, similar allegations were said to be far-fetched and frivolous. We think the description applies to the allegations in this case.

Judgment affirmed.

---

1. In his brief the taxpayer states that, "The gist of the complaint in this action is that appellant is placed in a position of involuntary servitude by operation of the Sixteenth Amendment to the Constitution."

2. The first section of the Thirteenth Amendment reads:

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."