JOSEPH NOVAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Novak v. Commissioner
Docket No. 3420-75.
United States Tax Court
T.C. Memo 1977-88; 1977 Tax Ct. Memo LEXIS 351; 36 T.C.M. (CCH) 382; T.C.M. (RIA) 770088; March 30, 1977, Filed *351 During the trial of this case, P refused to adduce any evidence to refute the Commissioner's determination that he did not report all of his income during the years in issue; instead, P asserted that various constitutional provisions relieved him of the obligation to complete a Form 1040. Held, there is no merit to P's constitutional arguments; held,further, because of P's failure to adduce any evidence, the Commissioner's determinations are sustained. Joseph Novak, pro se. Joseph M. Abele, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This matter comes before the Court on the Commissioner's oral motion to dismiss this case because of the petitioner's failure to present any evidence during the trial. Although the petitioner failed to present any evidence, *352 he raised numerous constitutional issues in his petition and during the trial of this case. A motion to dismiss is not the proper procedure by which to obtain an adjudication of legal claims made by a party; consequently, we shall treat the Commissioner's motion as seeking a partial summary judgment on such legal claims, and if such motion is granted, we will then entertain his request to dismiss this case because of the petitioner's failure to present any evidence with respect to the substantive tax issue. The Commissioner determined deficiencies in the petitioner's income taxes for the years 1970 through 1973 of $34,027.57. Also, he determined additions to tax under sections 6651(a), 6653(a), and 6654, Internal Revenue Code of 1954, aggregating $11,297.14. The principal substantive tax issue related to the Commissioner's determination that the petitioner had failed to report all of his income. Subsequently, the petitioner timely filed a petition with this Court, and at that time, he resided in New Brighton, Pa. In his petition, he never addressed the underlying tax issue; instead, he raised a host of constitutional and other objections for his refusal to pay his taxes. During *353 the trial of this case, the petitioner refused to take the stand and offer evidence in his behalf, in spite of repeated requests by the Court for him to do so. In addition, he again claimed that he could not properly complete his Form 1040 because to do so would violate a number of his constitutional rights: those secured under the 1st, 4th, 5th, 6th, 9th, and 14th Amendments to the Constitution of the United States. We have repeatedly held that there is no merit to such a contention. The petitioner does not clearly establish the claimed connection between most of the cited amendments and his obligations under our tax system; yet, when such claims have been more fully developed, they have been rejected as bordering on the frivolous. See Porth v. Brodrick,214 F. 2d 925 (10th Cir. 1954); Hartman v. Commissioner,65 T.C. 542, 547 (1975); Cupp v. Commissioner,65 T.C. 68, 81-84 (1975), on appeal (3d Cir., July 26, 1976); Roberts v. Commissioner,62 T.C. 834, 838-839 (1974). The only alleged violation which the petitioner develops with any clarity is his argument that he will incriminate himself in contravention *354 of the Fifth Amendment. He does not argue that he is under any criminal investigation; he merely contends that the information required on the return may supply incriminating evidence, although he offers no particulars. First of all, the Fifth Amendment does not allow an individual to refuse to report his income on his tax return, even if it were earned in a crime. United States v. Sullivan,274 U.S. 259 (1927); cf. Marchetti v. United States,390 U.S. 39, 48-49 (1968). In any event, it is well established that the Fifth Amendment is unavailable in a civil proceeding where the danger of any criminal investigation is remote. See Rogers v. United States,340 U.S. 367, 374 (1951); Brown v. Walker,161 U.S. 591, 599-600 (1896); Boren v. Tucker,239 F. 2d 767, 772 (9th Cir. 1956); Roberts v. Commissioner,supra at 838. Since the petitioner has refused to present any evidence in support of the underlying tax issue, and no legal argument advanced by him is of any merit, we will grant the Commissioner's motion and enter a decision against the petitioner. See Rules 121 and 123(b), *355 Tax Court Rules of Practice and Procedure.
An appropriate order and decision will be entered.