CARSON E. COMBS and ELIZABETH G. COMBS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Combs v. Commissioner
Docket No. 7815-76.
United States Tax Court
T.C. Memo 1977-388; 1977 Tax Ct. Memo LEXIS 54; 36 T.C.M. (CCH) 1575; T.C.M. (RIA) 770388; November 7, 1977, Filed Carson E. Combs and Elizabeth G. Combs, pro se. Harmon B. Dow, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1974 joint Federal income tax in the amount of $1,414.28. The deficiency resulted from the disapproval of petitioners' reduction of their income and deductions to reflect their belief that Federal Reserve notes are worth *55 only 20 cents on the dollar. This case is now before the Court on the Commissioner's motion for summary judgment. There is no dispute as to any material fact. Petitioners Carson E. and Elizabeth G. Combs, husband and wife, resided in Sandwich, Illinois, at the time they filed their petition herein. They filed their joint 1974 Federal income tax return with the District Director, Internal Revenue Service, Chicago, Illinois. On the face of their 1974 return, petitioners reported gross income totaling $20,433.46 and itemized deductions totaling $4,430.71, of which $200 represented loss on the sale of stock held more than six months. In calculating their tax liability, petitioners reduced their income and deductions by four-fifths, and therefore calculated their tax liability on taxable income of only $2,058. Attached to the return was the following explanation: Since the government of this nation has abandoned the use of constitutional money, we feel this method of computing taxes best illustrates the nature and fair market value of Federal Reserve notes when compared to or converted to dollars ($5.00 to $1.00) upon which the income tax seems to be based. The Commissioner *56 disapproved of this method of calculation, and recalculated petitioners' tax liability on the basis of the income and deductions reported on the return, without reduction as asserted by petitioners. [1] The Commissioner's recalculation showed taxable income of $13,103.15, and produced the deficiency in income tax of $1,414.28. Petitioners' primary contention appears to be that the Internal Revenue Service cannot constitutionally levy a tax upon income measured in Federal Reserve notes because such Federal Reserve notes are not "real" dollars. We have repeatedly held, however, that Federal Reserve notes constitute legal tender -- "money" -- which must be reported on a taxpayer's return and taxed according to the rules laid out in the Internal Revenue Code. Petitioners' arguments to the contrary are not only without merit, but entirely frivolous. United States v. Kelley, 539 F.2d 1199 (C.A. 9); United States v. Wangrud, 533 F.2d 495 (C.A. 9), cert. denied *57     U.S.     (Oct. 4, 1976); Hatfield v. Commissioner, 68 T.C.     (Sept. 12, 1977, p. 5); Gajewski v. Commissioner, 67 T.C. 181, 193-195; Cupp v. Commissioner, 65 T.C. 68, affirmed     F.2d     (C.A. 3). By statute, it is established that Federal Reserve notes shall be legal tender for all debts, including taxes, Coinage Act of 1965, tit. I, sec. 102, Pub. L. 89-91, 79 Stat. 255, 31 U.S.C. sec. 392, and the statute is well within the constitutional authority of Congress under article I, section 8 of the United States Constitution. United States v. Wangrud, supra; United States v. Daly, 481 F.2d 28, 30 (C.A. 8), certiorari denied 414 U.S. 1064; Hatfield v. Commissioner, supra.
Petitioners appear to make two other challenges to the Federal income tax system. First, they appear to argue that the requirement that they pay taxes on their income measured in Federal Reserve notes constitutes a form of involuntary servitude prohibited by the 13th Amendment. Such is not, however, the case. Porth v. Brodrick, 214 F.2d 925 (C.A. 10). Secondly, *58 they appear to challenge the jurisdiction of this Court to hear cases involving Federal income taxes levied on the basis of Federal Reserve notes.Since petitioners make no argument that the statutory jurisdictional requirements relating to this Court have not been met, see sections 6213-6214 and 6501, I.R.C. 1954, we must reject this contention as well. Burns, Stix Friedman and Co., Inc. v. Commissioner, 57 T.C. 392. The petitioners have not raised any issues with respect to the amounts of income and deductions used by the Commissioner in his calculations, nor have they otherwise challenged the details of the Commissioner's calculation of their tax liability except insofar as it was based upon their income expressed in Federal Reserve notes. Since there is no genuine issue of material fact, Decision will be entered for the respondent. Footnotes
1. The Commissioner allowed total itemized deductions of $4,330.71, based upon his determination that the loss on sale of stock was a long-term capital loss subject to a 50 percent limitation.↩