JOHN R. TIFFANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tiffany v. Commissioner
Docket No. 9659-76.
United States Tax Court
T.C. Memo 1978-122; 1978 Tax Ct. Memo LEXIS 393; 37 T.C.M. (CCH) 546; T.C.M. (RIA) 780122; March 28, 1978, Filed *393 John R. Tiffany, pro se. Richard A. Witowski, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $149.08. The petition as amended raises no issues as to the correctness of the determined deficiency under the income tax laws as written by the Congress but makes a series of allegations attacking the constitutionality of those laws or their application in petitioner's case. Respondent has filed a motion for summary judgment. Petitioner alleges (1) that he had no "income" within the meaning of the Sixteenth Amendment to the United States Constitution because he received his compensation in Federal Reserve Notes; such notes are not "money" in that they are not redeemable in gold or silver coin, and therefore, they are not income; [1]/ (2) that the graduated income tax rates "set up a class structure or title of nobility, forbidden by the U.S. Constitution"; [2] (3) that the Sixteenth Amendment to the Constitution is itself unconstitutional for a variety of reasons, mainly because, it is alleged, Ohio had not been lawfully admitted to *394 the Union when that Amendment was adopted; [3] and (4) that the income tax laws subject him to involuntary servitude and deprive him of property without due process of law and without just compensation. [4]
All of *395 these tired allegations have been considered by the courts and rejected repeatedly. They must be rejected again. There is no genuine issue of material fact, and respondent's motion for summary judgment will be granted. An appropriate order will be entered. Footnotes
1. / But see e.g., United States v. Daly,481 F.2d 28, 30 (8th Cir. 1973); Hartman v. Switzer,376 F.Supp. 486, 490↩ (W.D. Penn. 1974). 2. But see e.g., Brushaber v. Union Pacific Railroad Company,240 U.S. 1, 24-25↩ (1916). 3. But see Baker v. Commissioner,T.C. Memo. 1978-60; Steinbrecher v. Commissioner, an unreported case ( W.D. Texas 1977, 40 AFTR 2d 77-6030, 6031, 78-1 USTC par. 9112); Lorre v. Commissioner, an unreported case ( W.D. Texas 1977, 40 AFTR 2d 77-5677, 77-2 USTC par. 9672); McMullen v. United States, an unreported case ( W.D. Tenn. 1976, 39 AFTR 2d 77-628, 77-1 USTC par. 9142); Ivey v. United States, an unreported case ( E.D. Wisc. 1976, 38 AFTR 2d 76↩-5909, 5911-5912, 76-2 USTC par. 9682). 4. But see, e.g., Porth v. Brodrick,214 F.2d 925, 926↩ (10th Cir. 1954).