SALVATORE A. ANNUNZIATO AND CLARA ANNUNZIATO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Annunziato v. Comm'r
Docket No. 537-78.
United States Tax Court
T.C. Memo 1978-483; 1978 Tax Ct. Memo LEXIS 32; 37 T.C.M. (CCH) 1849-56; December 4, 1978, Filed Salvatore A. Annunziato, pro se. Frank W. Louis, for the respondent. WILBUR, Judge. WILBUR
MEMORANDUM OPINION This case is presently before the Court on respondent's motion for judgment on the pleadings filed April 19, 1978. Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $322. We are called upon to decide certain constitutional and legal arguments relating to the asserted deficiency. Petitioners are Salvatore A. Annunziato and Clara Annunziato, husband and wife, whose legal residence at the time of filing of the petition herein was *33 Yonkers, New York. Since Clara Annunziato is a party to this proceeding solely by virtue of having filed joint income tax returns with her spouse, Salvatore A. Annunziato will therefore be referred to herein as petitioner. On his return for 1975, petitioner claimed deductions for certain medical and interest expenses which were disallowed by respondent. In his petition, petitioner does not raise any issues as to the correctness of the determined deficiency, but alleges that Federal reserves notes are not lawful dollars, that the income tax laws are unconstitutional, and that his constitutional rights have been violated by officials of the Internal Revenue in the enforcement of the income tax laws. Respondent states in his motion that, even if he were to accept all allegations in the petition as true, it would not state a claim on which relief could be granted. At the hearing on respondent's motion, petitioner stated he did not desire to present any evidence substantiating the deductions for the year in issue, relying instead upon the arguments presented in his petition. In support of his position, petitioner filed a series of legal documents, newspaper articles, and letters *34 he had written which, at his request, the Court considered as his grief in support thereof. In his petition, petitioner argues that since his Federal reserves notes cannot be redeemed in gold or silver, they are not dollars of standard value as described in title 31 U.S.C., [1] but merely I.O.U.'s. Therefore, all actions on the part of the Service in enforcing the income tax laws against petitioner are in violation of Article 1, Section 10 of the Constitution. This Court has dismissed out of hand similar contentions on numerous occasions, and we find such argument no more compelling now than before. See Hatfield v. Commissioner,68 T.C. 895, 897 (1977); Silba v. Commissioner,68 T.C. 422, 430 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. 578 F. 2d 1383 (8th Cir. 1978); Hartman v. Commissioner,65 T.C. 542 (1975); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). *35 Petitioner also claims that his constitutional rights have been violated by certain agents of the Internal Revenue Service, and that such acts also violate the provisions of 18 U.S.C., Sections 241 and 242. [2] Something more than petitioner's bare assertion of an impropriety is required for with certain exceptions not pertinent here, the manner in which respondent makes his determination of the deficiency is not an issue properly before this Court and cannot invalidate a deficiency notice. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974); Suarez v. Commissioner, 58 T.C. 792 (1972). See also Estate of Brimm v. Commissioner, 70 T.C. 15 (1978), on appeal (9th Cir., Jul. 25, 1978). *36 Petitioner on brief also argues various other constitutional arguments, all of which are without substance: (a) That the 16th Amendment to the Constitution is illegally enforced because it places him in a position of involuntary servitude contrary to the 13th Amendment to the Constitution was rejected in Porth v. Broderick, 214 F. 2d 925 (10th Cir. 1954); (b) that the Government's coinage operation violates Article I, Section 8 of the Constitution, was rejected in United States v. Wangrud, 533 F. 2d 495 (9th Cir. 1976), cert. denied 429 U.S. 818 (1976); and (c) that the income tax laws and its operation set up a class structure or title of nobility, forbidden by Article I, Section 9, Clause 8 of the Constitution is also without merit. See Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916). [3]
Additionally, petitioner raises the argument that an insufficient accounting *37 of Government expenses to the public occurred in violation of Article I, Section 9, Clause 7 of the Constitution, and therefore justifies his refusal to comply with the income tax laws. The Secretary of the Treasury is required to submit a report to the Congress each year setting forth the aggregate and individual amounts of the contingent liabilities and the unfunded liabilities of the Government, [4] and petitioner argues that these requirements were not fully complied with. Even if we assume that petitioner's allegations are well-founded, they avail him nothing, for he lacks standing to raise the issue. See United States v. Richardson, 418 U.S. 166 (1974); Flast v. Cohen, 392 U.S. 83 (1968); Scheide v. Commissioner, 65 T.C. 455 (1975); and Egnal v. Commissioner, 65 T.C. 255 (1975). Having reviewed the arguments *38 petitioner presented in his petition and on brief, we hold that petitioner has failed to state a claim upon which relief can be granted. Accordingly, we sustain respondent's motion for judgment on the pleadings. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. 31 U.S.C. 314 provides: The dollar of gold nine-tenths fine consisting of the weight determined under the provisions of section 821 of this title shall be the standard unit of value, and all forms of money issued or coined by the United States shall be maintained at a parity of value with this standard, and it shall be the duty of the Secretary of the Treasury to maintain such parity.↩
2. 18 U.S.C., Sec. 241 provides: If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured-- They shall be fined not more than $10,000 or imprisoned not more than ten years, or both; and if death results, they shall be subject to imprisonment for any term of years or for life. 18 U.S.C., Sec. 242 provides: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.↩
3. Cf. Majeske v. Commissioner, T.C. Memo. 1975-212↩.
4. Act of November 13, 1966, Pub. L. 89-809, Title IV, Sec. 402, 80 Stat. 1590, 31 U.S.C.A. Sec. 757f↩.