HERB N. RANHEIM and BONNIE M. RANHEIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ranheim v. Commissioner
Docket No. 2613-78.
United States Tax Court
T.C. Memo 1979-502; 1979 Tax Ct. Memo LEXIS 25; 39 T.C.M. (CCH) 720; T.C.M. (RIA) 79502; December 13, 1979, Filed *26 Herb N. Ranheim, Pro se. Martha E. Rist, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1974
$1,733.63
1975
1,601.62
After concessions, the issues remaining for decision are: (1) whether petitioners have adequately substantiated the business expense deductions they claimed on their 1974 and 1975 tax returns for meals and lodging under section 274; [1] and (2) whether petitioners are entitled to a deduction under section 213 for medical expenses which they paid on behalf of their daughter during 1975. FINDINGS OF FACT Most of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Herb N. Ranheim (hereinafter the petitioner) and Bonnie M. Ranheim, husband and wife, resided in Minneapolis, Minnesota, at the time the petition was filed in this case. They timely *27 filed their 1974 and 1975 joint Federal income tax returns on the cash method of accounting with the Internal Revenue Service Center at Ogden, Utah. Petitioner was employed by Miles Lumber Company of Minneapolis, Minnesota, as an over-the-road truck driver during 1974 and 1975. Throughout these years, he made frequent runs delivering pre-cut lumber houses from Minneapolis, Minnesota, to various destinations in Louisiana, Ohio, Texas, and Colorado. He typically drove 500 to 550 miles a day on such runs and then stopped to spend the night. While driving a truck which contained sleeping facilities in the cab, he was away from home overnight making such runs for 291 days in 1974 and 282 days in 1975. In 1974 and 1975, he deducted $5,965.50 and $5,358.00, respectively, as business expenses which he incurred for his meals and lodging while on these runs. Respondent denied petitioner's deductions for lodging expenses for failure of substantiation and reduced his meals deductions to $6.50 per day during 1974 and $9.00 per day during 1975 on the same grounds. In 1975, petitioners deducted $836.45 from their adjusted gross income as medical expenses which they paid for their daughter, *28 Geralyn Ranheim. Petitioners admit that they provided less than one-half of their daughter's support during 1975 and that they were therefore not entitled to claim a dependency exemption for her in that year. In his notice of deficiency, respondent disallowed this deduction for medical expenses on the ground that petitioners did not pay these amounts for a qualified dependent as prescribed by section 213. OPINION We must decide the following issues: (1) whether petitioners are entitled to deductions for meals and lodging in excess of that which respondent has allowed in his notice of deficiency, and (2) whether petitioners' payments for medical care for their daughter were made on behalf of a qualified dependent, as defined in section 152, so as to entitle them to a deduction therefor under section 213. Section 162(a)(2) allows a deduction for ordinary and necessary traveling expenses which are paid during the taxable year while away from home in the pursuit of a trade or business. Petitioner has the burden of proving the amount of the meals and lodging deduction claimed. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice *29 and Procedure.
Section 274(d) provides that no deduction is allowable under section 162 for any traveling expenses (includi/ng meals and lodging while away from home) unless the taxpayer substantiates these expenses by adequate records or other corroborating evidence. Section 1.274-5(b)(2), Income Tax Regs., provides that the elements which a taxpayer must establish with respect to each expenditure for business travel are the amount, time, place, and business purpose of the expense. In addition, substantiation of these elements is required by "adequate records or by sufficient evidence corroborating his own statement." Sec. 1.274-5(c)(1), Income Tax Regs.
In order to meet the "adequate records" requirement, the taxpayer must keep an account book, diary, or other similar record, as well as documentary evidence, in order to establish each element of an expenditure. Sec. 1.274-5(c)(2)(i), Income Tax Regs. Documentary evidence, such as receipts or bills, is required for any expenditure exceeding $25.00 (except for transportation charges where such evidence is not readily available). Sec. 1.274-5(c)(2)(iii), Income Tax Regs. With respect to expenditures of less than $25.00, the *30 regulations do not dispense with the record-keeping requirement except for the need of keeping receipts. Sec. 1.274-5(c)(2)(iii)(b), Income Tax Regs. If the taxpayer fails to comply with the "adequate records" requirement, he must prove the elements of business travel expenses by his own detailed statement and by other corroborative evidence. Sec. 1.274-5(c)(3), Income Tax Regs.
Petitioner estimated that he spent $27.00 per day in 1974 and $28.00 per day in 1975 for meals and lodging while away from home on truck driving business. Accordingly, he deducted $7,857.00 for his 291 days away in 1974 and $7,896.00 for his 282 days away in 1975 on his respective tax returns. However, petitioner has presented no records of the costs of his meals and lodging during these years and no sufficient testimony to establish the elements of any such expenses. Petitioner's uncorroborated testimony that he stayed at various Holiday Inns and Ramada Inns while away from home will not support any deduction for lodging expenses, since he failed to give the location of any such motels. Absent adequate substantiation, we are unable to approximate any amounts spent for meals and lodging under the rule *31 of Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930). Sec. 1.274-5(a), Income Tax Regs.; H. Rept. No. 1447, 87th Cong. 2d Sess., p. 23 (1962); S. Rept. No. 1881, 87th Cong. 2d Sess. p. 35 (1962). Petitioner did testify, however, that he kept a notebook with a record of his meals and lodging expenses for the years in issue but that the notebook was stolen from his truck. Section 1.274-5(c)(5), Income Tax Regs., provides as follows: (5) Loss of records due to circumstances beyond the control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. Although a theft sufficiently resembles a flood or fire so was to be considered a casualty under the regulations, petitioner has failed to reasonably reconstruct any such stolen records and is therefore not entitled to the claimed deduction. Gizzi v. Commissioner,65 T.C. 342, 346 (1975). Accordingly, *32 petitioner is entitled to deduct only the $1891.50 for 1974 ($6.50 per day x 291 days) and $2538.00 for 1975 ($9.00 per day x 282 days) allowed by the respondent in his notice of deficiency. Respondent has also disallowed petitioners' deduction for medical expenses paid on behalf of their daughter in the amount of $836.45 during 1975 on the ground that they did not pay these costs for a qualified dependent as required by section 213. Petitioner claims that he is entitled to deduct such costs since: (1) they were paid by him; (2) they were not claimed as a deduction by anyone else., and (3) they were paid at a time when his daughter was dependent upon him for support. Section 213 provides a deduction for expenses paid by a taxpayer on behalf of his "dependents" as that word is defined in section 152. Section 152(a) explicitly requires that in order for petitioners' daughter to be classified as a "dependent", she must have received over half of her support for the year from the petitioner. This requirement has not been met herein. Petitioners have admitted that they provided less than one-half of their daughter's support during the year in issue and that they were therefore *33 not entitled to claim a dependency exemption for her for that year. In their petition and at trial, petitioners submitted that their daughter was dependent on them for four months during 1975 and also at the time the instant expenses were incurred. However, the mere fact that petitioners' daughter was dependent on them when they paid the costs here in dispute is not sufficient to comply with the requirements of sections 152 and 213. Accordingly, the claimed deduction for medical expenses must be denied. Petitioners have made an alternative argument that respondent's attempt to assess and collect the deficiencies herein violated his constitutional rights under either the 13th or Fifth Amendments to the Constitution. Petitioners claim that the substantiation requirements set forth in section 274 and the regulations thereunder are unconstitutional, since they place petitioners in a position of involuntary servitude contrary to the thirteenth amendment by compelling them to be bookkeepers. We disagree. If the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment. [Porth v. Broderick,214 F.2d 925, 926 (10th Cir. 1954)]. *34 Our rejection of petitioners' argument is further based on the decision in Dowell v. Commissioner,522 F.2d 708 (5th Cir. 1975), which upheld the validity of section 274 and the regulations thereunder. Petitioners also assert that since the respondent allowed them to deduct fewer expenses than were allowed to other truck drivers and singled them out for audit while others were not audited at all, they received discriminatory treatment which violated their Fifth Amendment right to due process. However, the fact that respondent allowed an unrelated taxpayer in similar circumstances to those herein to deduct greater expenses than petitioners has no bearing on petitioners' case. Lincoln Savings and Loan Association v. Commissioner,51 T.C. 82 (1968). Moreover, mere selectivity in enforcement of the tax laws against petitioners while not against others is not a violation of their constitutional right to due process, unless such selectivity is based on an unjustifiable criterion such as race, religion, or expression of unpopular views, Greenberg's Express v. Commissioner,62 T.C. 324 (1974). There is no evidence in the record herein *35 that any such criterion was used in selecting the returns of the petitioners for audit. Therefore, we find no infringement of petitioners' right to due process. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩