DONALD J. TRESHMAN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Treshman v. Commissioner
Docket No. 15490-80.
United States Tax Court
T.C. Memo 1980-526; 1980 Tax Ct. Memo LEXIS 64; 41 T.C.M. (CCH) 435; T.C.M. (RIA) 80526; November 25, 1980, Filed Donald J. Treshman, Jr., pro se. John F. Eiman and Kevin W. Cobb, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*65 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on September 24, 1980, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on May 15, 1980, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1975 in the amount of $1,034.45. [3]
Petitioner resided at 21406 Cimarron Parkway, Katy, Texas, on the date he filed his petition herein. He filed a joint Federal income tax return for 1975 together with Eugenia W. Treshman with the office of the Internal Revenue Service Center at Austin, Texas. The only income adjustment determined by respondent is for a capital gain amounting to $3,482. The petition filed on August 12, 1980, was not in conformance with Rule 34. By order dated September 25, 1980, a *66 copy of which was served on petitioner on September 30, 1980, the Court gave petitioner until October 27, 1980, to file a proper amended petition in accord with Rule 50(d). No amended petition has been filed. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional arguments, i.e., that his constitutional rights have been violated under the First, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Thirteenth, Fourteenth, and Sixteenth Amendments. It is clear beyond doubt that the many constitutional arguments advanced by petitioner are frivolous and without merit. All of the *67 contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. [4] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), we had this to say-- In recent times, this Court has been faced with numerous *68 cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [5]
The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [6] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner,45 T.C. 308 (1965); *69 Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). On this record, we are compelled to sustain respondent's determination and his motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on November 5, 1980. Petitioner did not appear nor did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum of law were served on him by the Court on September 30, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Although the deficiency notice was issued to petitioner and Eugenia W. Treshman, the latter is not a party to this case.↩
4. Fichardson v. Commissioner,72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner,71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner,62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick,214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner,T.C. Memo. 1980-483 (Trirteenth Amendment); Poen v. Commissioner,T.C. Memo. 1979-226 (Thirteenth Amendment); Lyon v. Commissioner,T.C. Memo. 1978-347 (Thirteenth Amendment↩).
5. The Court's language in Hatfield,↩ so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
6. Although we cnsidered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Sydnes v. Commissioner, 74 T.C.     (July 29, 1980); Greenberg v. Commissioner,73 T.C. 806 (1980); and Wilkinson v. Commissioner,supra,↩ where damages were imposed.