HENRY A. MEYERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meyers v. Commissioner
Docket No. 5812-79.
United States Tax Court
T.C. Memo 1980-579; 1980 Tax Ct. Memo LEXIS 8; 41 T.C.M. (CCH) 666; T.C.M. (RIA) 80579; December 30, 1980
Henry A. Meyers, pro se. Jeannette A. Cyphers and Howard Philip Newman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to *9 Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for judgment on the pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed on July 20, 1979, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[2]
*10 Respondent, in his notice of deficiency issued to petitioner on February 14, 1979, determined deficiencies in petitioner's 1976 and 1977 Federal income taxes in the amounts of $ 6,369.80 and $ 6,647.09, respectively. The adjustments determined by respondent in that notice pertained to employee business expenses, rental loss, gain on the sale of a residence, contributions, itemized deductions, and unreported income. Petitioner's address on the date he filed his petition was P.O. Box 4684, Vancouver, Washington. He filed Federal income tax returns for the taxable calendar years 1976 and 1977 with the Internal Revenue Service. In paragraph 4 of the petition it is alleged that respondent erred in his determination of the deficiencies in tax for the following reasons: (a) The determination was willful, wanton, malicious, and intentional, all in violation of petitioner's rights secured by the U.S. Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, and the common law. (b) The disallowance of expenses in excess of income is arbitrary and a direct result of the agent's malice, incompetence, ignorance, and prejudice against petitioner. *11 (c) Petitioner did not earn sufficient income in "dollars" to warrant the amounts determined by respondent. (d) The statute of limitations is a complete defense as to any tax or penalties for any year over six years old. (e) Affirmative defenses asserted by petitioner, namely, the statute of frauds, laches, estoppel, waiver, failure of jurisdiction over petitioner and the subject matter, accord and satisfaction and reliance on prior notifications of the I.R.S. stating "No Tax Due". Proceeding on to paragraph 5 of the petition, we are advised of the facts upon which petitioner relies to sustain the allegations of error described above. They are: (1) Petitioner does not waive his constitutional rights guaranteed by Article 1 of the U.S. Constitution, as more fully set forth in the Bill of Rights and, further, those rights will not be waived in order to be in obedience to unconstitutional administrative laws, rules, a number of statutory provisions and "the entire Internal Revenue Code and others". (2) Doctrines derived from various enumerated statutes are completely unconstitutional and, thus, violate petitioner's constitutional rights under the First, Fourth, *12 Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments to the U.S. Constitution. (3) Petitioner's claims are based upon the Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the State of Washington, the common law, the Declaration of Resolves, the Federalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, and the Declaration of Rights of 1765 and 1774. (4) Respondent has the burden of proof with respect to the adjustments in the notice of deficiency. (5) Respondent and/or his agents have violated the Administrative Procedure Act and Section 7214. (6) Petitioner is entitled to a jury trial and damages against respondent in the amount of five million dollars general damages and five million dollars punitive damages payable in gold and silver coin. (7) Petitioner demands that he be given "counsel of his choice", not a member of any licensed "Bar Association" and licensed by no one but himself to speak for him as guaranteed by the First Amendment to the U.S. Constitution. Rule 34(b) provides in pertinent part that the petition in a deficiency *13 action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional arguments. Respondent filed his answer to the petition on June 22, 1979. In that answer he has denied all of the allegations contained in paragraphs 4 and 5 of the petition. Thus, the pleadings herein are closed. See Rules 38 and 120. It is clear beyond doubt that the many constitutional arguments advanced by petitioner are frivolous and without merit. All of the contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. [3] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), *14 we had this to say-- In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. *15 This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [4]
There is no adjustment in this case on which the burden of proof is placed by statute or the rules of this Court upon respondent. Hence, petitioner bears the burden of proof thereon. Rule 142(a). Welch v. Helvering, 290 U.S. 111 (1933). Petitioner's assertion of the statute of limitations as a defense is baseless. His 1976 Federal income tax return was due to be filed on or before April 15, 1977. Respondent's notice of deficiency was mailed to petitioner on February 14, 1979, well within the three-year period provided *16 by section 6501, Internal Revenue Code of 1954, as amended. The balance of petitioner's contentions are equally baseless. [5]
The record here is crystal clear. Petitioner has not assigned any justiciable error with respect to the substantive adjustments to his income which were made by respondent in his notice of deficiency. Nor has petitioner alleged any facts to show that respondent erred in making those adjustments. [6] On this record, respondent has established that there is no genuine issue as to any *17 material fact present in this case. [7] It follows, therefore, that a decision may be rendered for the respondent as a matter of law. His motion for judgment on the pleadings will be granted. [8]
An appropriate order and *18 decision will be entered. Footnotes
1. Since this is a pretrial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 12, 1979.Petitioner did not appear. However, on August 20, 1979, he filed an "Affidavit in Opposition to Motion for Judgment on the Pleadings", which is totally without merit.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner, 71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner, T.C. Memo. 1980-483 (Thirteenth Amendment); Poen v. Commissioner, T.C. Memo. 1979-226 (Thirteenth Amendment); Lyon v. Commissioner, T.C. Memo. 1978-347 (Thirteenth Amendment). See also, Ross v. Commissioner, T.C. Memo. 1978-203; Fleck v. Commissioner, T.C. Memo. 1980-281↩.
4. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
5. Federal reserve notes constitute legal tender--"Money"--which must be reported on a taxpayer's return in accordance with his method of accounting. Cupp v. Commissioner, supra; Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). A taxpayer is not entitled to a trial by jury in the U.S. Tax Court. Sec. 7453, 1954 Code. See Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, supra; Gajewski v. Commissioner, supra; and Wilkinson v. Commissioner, supra↩.
6. Indeed, if all the allegations of fact contained in the petition were taken as true, they would fail to state a claim upon which this Court could grant any relief. ↩
7. In such circumstances, respondent, the moving party, is entitled to a decision. Rule 120(a). See Scheel v. Commissioner, T.C. Memo. 1980-539; Lewis v. Commissioner, T.C. Memo. 1978-67↩ (appeal dismissed, 9th Cir. 1979). 8. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Sydnes v. Commissioner,74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, supra↩, where damages were imposed.