WILLIAM F. EDENS, II, AND CHARLENE M. EDENS, Petitionersv. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edens v. Commissioner
Docket No. 19764-80.
United States Tax Court
T.C. Memo 1981-66; 1981 Tax Ct. Memo LEXIS 674; 41 T.C.M. (CCH) 899; T.C.M. (RIA) 81066; February 19, 1981. William F. Edens, II, and Charlene M. Edens, pro se. Karen J. Simonson and Francis J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*675 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on December 10, 1980, pursuant to Rules 40, 53, and 123, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on August 25, 1980, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $ 4,908. [3]
Petitioners resided at 15050 Monte Vista, Sp. 239, Chino, California, on the date they filed their petition herein. As best we can determine from this record, petitioners filed a joint 1978 Federal income tax return with the Internal Revenue Service. In paragraph 4 of the petition it is alleged that respondent erred in his determination of the deficiency in tax *676 for the following reasons: (a) The determination was willful, wanton, malicious, and intentional, all in violation of petitioners' rights secured by the U.S. Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, and the common law. (b) The disallowance of expenses in excess of income is arbitrary and a direct result of the agent's malice, incompetence, ignorance, and prejudice against petitioners. (c) Petitioners did not earn sufficient income in "dollars" to warrant the amounts determined by respondent. (d) The statute of limitations is a complete defense as to any tax or penalties for any year over six years old. [4]
(e) Affiurmative defenses asserted by petitioners are, namely, *677 the statute of frauds, laches, estoppel, waiver, failure of jurisdiction over petitioners and the subject matter, accord and satisfaction and reliance on prior notifications of the I.R.S. stating "No Tax Due". Proceeding on to paragraph 5 of the petition, we are advised of the facts upon which petitioners rely to sustain the allegations of error described above. They are: (1) Petitioners do not waive their constitutional rights guaranteed by Article 1 of the U.S. Constitution, as more fully set forth in the Bill of Rights and, further, those rights will not be waived in order to be in obedience to unconstitutional administrative laws, rules, a number of statutory provisions and "the entire Internal Revenue Code and others".
(2) Doctrines derived from various enumerated statutes are completely unconstitutional and, thus, violate petitioners' constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments to the U.S. Constitution. (3) Petitioners' claims are based upon the Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution *678 of the State of California, the common law, the Declaration of Resolves, the Federalist Papers, the Mayflower Company, the Articles of Confederalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, and the Declaration of Rights of 1765 and 1774. (4) Respondent has the burden of proof with respect to the adjustments in the notice of deficiency. (5) Respondent and/or his agents have violated the Administrative Procedure Act and section 7214. (6) Petitioners are entitled to a jury trial and damages against respondent in the amount of five million dollars general damages and five million dollars punitive damages payable in gold and silver coin. (7) Petitioners' demand that they be given "c ounsel of their choice", not a member of any licensed "Bar Association" and licensed by no one but themselves to speak for them as guaranteed by the First Amendment to the U.S. Constitution. Rule34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and *679 "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justifiable error has been alleged in the petition with respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. Rather, petitioners consume their entire petition raising, in the main, a plethora of constitutional arguments. It is clear beyond doubt that the many constitutional arguments advanced by petitioners are frivolous and without merit. All of the contentions they have raised have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. [5] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say-- *680 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [6]
Despite petitioners contentions to the contrary, there is no adjustment in this case on which the burden of proof is placed by statute of the rules of this Court upon respondent. Hence, petitioners bear the burden of proof thereon. Rule 142(a). Welch v. Helvering, 290 U.S. 111 (1933). The record here is crystal clear. *681 Petitioners have not assigned any justiciable error with respect to the substantive adjustments to their income which were made by respondent in his notice of deficiency. Nor have petitioners alleged any justiciable facts to show that respondent erred in determining those adjustments. The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [7] The absence in the petition of specific justifiable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record, we are compelled to sustain respondent's determination and his motion will be granted. [8]
*682 An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on January 21, 1981. Petitioners did not appear nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum of law were served on them by the Court on December 23, 1980.
2. All rule references herein are to the Tax Court Rules of Practiceand Procedure.↩
3. In that notice respondent disallowed deductions claimed for business expenses, medical expenses, state income and sales tax, and contributions. In addition, he disallowed a claimed energy credit.↩
4. We observe, with respect to the statute of limitations, that the taxable year 1978 is before the Court. The three-year limitation period within which the Commissioner may assess and attempt collection of the deficiency in tax for that year or issue a notice of deficiency with respect thereto will not expire until April 15, 1982. He issued his notice of deficiency herein involved on August 25, 1980, and the petition herein was filed on October 24, 1980.↩
5. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner, 71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner, T.C. Memo. 1980-483 (Thirteenth Amendment); Poen v. Commissioner, T.C. Memo. 1979-226 (Thirteenth Amendment); Lyon v. Commissioner, T.C. Memo.1978-347 (Thirteenth Amendment). See also Meyers v. Commissioner, T.C. Memo. 1980-579; Egan v. Commissioner, T.C. Memo. 1980-560; Myers v. Commissioner, T.C. Memo. 1980-549; Treshman v. Commissioner, T.C. Memo. 1980-526; Upton v. Commissioner, T.C. Memo. 1980-325; Fleck v. Commissioner, T.C. Memo. 1980-281; Wharton v. Commissioner, T.C. Memo. 1980-253↩. In addition, respondent, in his memorandum of law, a copy of which was served on petitioners, cites many other cases pertinent to the matter at bar. We see no reason to further burden this opinion by again reciting herein those relevant opinions.
6. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
7. Indeed, if all the allegations of fact contained in the petition were taken as true, they would fail to state a claim upon which this Court could grant any relief.↩
8. Although we considered imposing damages against petitioners pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare Sydnes v. Commissioner, 74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.