T.C. Memo. 1999-418

UNITED STATES TAX COURT

DAVID ANTHONY AVERY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9970-98.                    Filed December 23, 1999.

David Anthony Avery, pro se.

Jeanne Gramling, for respondent.

MEMORANDUM OPINION

POWELL, Special Trial Judge:  Respondent determined a deficiency in petitioner's 1994 Federal income tax and an accuracy-related penalty under section 6662(a)[1] in the respective amounts of $4,940 and $988.

---

[1]  Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

The issues are whether provisions of the Internal Revenue Code violate the Thirteenth Amendment to the Constitution and whether petitioner is liable for the penalty under section 6662(a).

The facts may be summarized as follows. Petitioner resided in Asheboro, North Carolina, at the time the petition was filed. In the notice of deficiency respondent determined that petitioner had unreported nonemployee compensation in the amount of $1,040 and disallowed itemized deductions in the amount of $20,750. At trial, petitioner offered no evidence. Rather, he filed a motion for summary judgment arguing that the Internal Revenue Code violates the Thirteenth Amendment. If petitioner's constitutional argument fails, the decision will be entered for respondent because petitioner has the burden of establishing that respondent's determination is incorrect. See Rule 142(a).

The first section of the Thirteenth Amendment, in relevant part, states: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

The Court of Appeals for the Tenth Circuit has noted that "if the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment." Porth v. Brodrick, 214

F.2d 925, 926 (10th Cir. 1954); see also <u>Peeples v. Commissioner</u>, T.C. Memo. 1986-584, affd. without published opinion 829 F.2d 1120 (4th Cir. 1987); <u>Lyon v. Commissioner</u>, T.C. Memo. 1978-347; <u>Vernaccini v. Commissioner</u>, T.C. Memo. 1974-66. We shall deny petitioner's motion for summary judgment and sustain respondent's determination as to the deficiency.

Respondent also determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for negligence. Section 6662(a) provides that "there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies." Section 6662 applies to "the portion of any underpayment which is attributable to", inter alia, negligence or disregard of the rules or regulations. Sec. 6662(b)(1). Negligence "includes any failure to make a reasonable attempt to comply with the provisions * * * [of the Internal Revenue Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c).

Petitioner apparently argues that the Internal Revenue Code violates the Thirteenth Amendment and that this argument "has never been presented to the Court." He, therefore, contends that he is not liable for the negligence penalty even if we were to reject this argument. As is obvious from the cases cited <u>supra</u>,

this Court and others have considered petitioner's argument and rejected it.  Respondent's determination of the penalty under section 6662(a) is sustained.

<u>An appropriate order</u>

<u>and decision will be entered</u>.