**Wilson H. JENKINS, Executor of the Estate of Mary M. Jenkins, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19205.**

United States Court of Appeals Fifth Circuit.

Feb. 13, 1963.

---

John J. Bouhan, Gordon C. Carson, Savannah, Ga., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Donald H. Fraser, U. S. Atty., Savannah, Ga., John B. Jones, Jr., Acting Asst. Atty. Gen., Robert N. Anderson, Michael K. Cavanaugh, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This appeal involves income taxes, penalties and interest for the year 1949 in the total amount of $38,622.17. The tax and additions were paid on January 2, 1959, and the taxpayer's claim for refund was filed on February 19, 1959. More than six months elapsed without action by the Commissioner of Internal Revenue, and on October 29, 1959, the executor of the will of Mrs. Mary Jenkins, the taxpayer, instituted this suit to recover. There was a jury verdict against the taxpayer and final judgment was entered on March 8, 1961. A motion to set aside the verdict and judgment and enter judgment in taxpayer's favor; or, in the alternative, to grant a new trial was denied July 11, 1961.

Mary M. Jenkins and Wilson H. Jenkins made a joint income tax return for the year 1949, which was filed with the Collector of Internal Revenue for the District of Georgia on March 15, 1950. Mary M. Jenkins died on November 11, 1954. Her husband, Wilson H. Jenkins, was appointed executor of her will.

On December 15, 1958, the Commissioner of Internal Revenue made an assessment against the estate of Mary M. Jenkins in the amount of $41,595.15, of which $18,947.96 was deemed a deficiency of taxable income, together with certain penalties. The total amount of this assessment was paid under protest.

■ The taxpayer sought a refund of the total amount of the tax and additions, claiming that such assessments could not lawfully be made more than three years after the filing of the return, and that collections thereunder were enforced in violation of § 6501 of Internal Revenue Code of 1954, 26 U.S.C.A. § 6501. In answer to taxpayer's contention, the Government asserted the affirmative defense of fraud; alleging that Wilson and Mary Jenkins committed fraud with intent to evade income tax for the year 1949 by knowingly and wilfully failing to report on their 1949 income tax return large amounts of taxable income. Fraud is an exception to the three year statute of limitations and deficiencies due to fraud or a wilful attempt to evade the tax can be collected at any time. 26 U.S.C.A. § 6501(c) (1).

At the trial, the Government sought to establish that the taxpayer failed to report income, with the intent to evade, resulting from three separate transactions. These transactions are: (a) an agreement dated September 17, 1949 between Mary Jenkins and a Mr. Browning which provided that the former for a consideration of $125,000.00 gave Mr. Browning the right to cut and remove timber from a certain tract of land and an option to purchase that property for an additional $105,000.00; (b) $2,174.66 of interest income received; and (c) the sale of certain automotive equipment for $17,050.00 in notes and $2,100 in cash. As to the first transaction, the 1949 tax return showed the sales price of the timber to be $100,000.00 rather than $125,000.00, and there was no report of any income whatever from the second and third transactions.

The agreement between Mr. Browning and Mrs. Jenkins acknowledged that the latter had received $15,000.00 in cash, the remainder of the purchase price being evidenced by promissory notes. Mr. Browning testified that he paid Mrs. Jenkins $45,000.00 in the year 1949; $15,000.00 at the time the agreement was executed and $30,000.00 in payment of the notes which became due during 1949. Mr. Jenkins testified that the $15,000.00 in cash was not received from Mr. Browning at the time the transaction was consummated, but admitted the receipt of the subsequent payments of $30,000.00 in the year 1949. He further testified however, that he never instituted any legal action to recover the $15,000.00 nor did he deduct the sum as a bad debt.

With respect to the unreported interest income, it was determined that Mrs. Jenkins held a series of notes bearing 6% interest due from a certain Mr. Young. The agents of the Commissioner were able to compute the interest on these notes according to the terms of the notes and a receipt issued by Mrs. Jenkins for "interest on notes".[1] This computation resulted in the determination that $2,174.-66 was received as interest income; but this interest was not reported on the joint return. Mr. Jenkins testified that the interest income was never received.

Mr. and Mrs. Jenkins also failed to report the receipt of $4,787.50 from the sale of automobile equipment owned by them. Mr. Browning testified that Mr. Jenkins sold this equipment to him in exchange

1. The receipt reads as follows:
"Received from George O. Young interest on notes held by me through October 23rd, 1949."

for promissory notes in the amount of $17,050.00 and $2,100.00 in cash. This testimony was supported by the admission of Mr. Jenkins that a note of $17,050.00 was accepted by him for this equipment. The return failed to report either the sale or the receipts therefrom.

■ At the trial of this case the taxpayer attempted to show that the $125,000.00 involved in the timber transaction and option was allocable between the right to cut and remove timber from the land and the option to buy the property in fee simple. It was claimed that the option to buy the land was worth $25,000.00 in 1949, but was not reportable until the option was exercised, which did not occur in 1949, hence the $100,000.00 sales price as reported in the 1949 return. The taxpayer sought to introduce evidence to show the market value of the option at the time it was given. This evidence was excluded in the court below. In addition, the taxpayer attempted to show additional costs incurred for the timber and not claimed on the 1949 return. Likewise, the court below excluded this evidence. Also, with respect to the unreported sales, the taxpayer proffered evidence as to alleged additional costs incident to the sales not reported on the 1949 return. Again, the court below excluded the evidence as being irrelevant. This was error. Indeed, the appellee, United States, confesses error as to the exclusion of this evidence and concedes that the case should be remanded for a new trial. This undoubtedly is the correct view, for these alleged additional costs and the reasonable market value of the option, if proven, are relevant to the existence of a tax deficiency. Internal Revenue Code of 1939, § 293(b). Since fraud on the part of the taxpayer as to the alleged deficiencies is the issue in this case, it is correct to state that if there is no deficiency, there can be no fraud in connection with the alleged

deficiency. This evidence should have been received.

While the Government concedes the necessity of remand for a new trial, it denies taxpayer's contention that he is entitled to a judgment notwithstanding the verdict because of the failure of the Government to carry the burden of proof as to fraud. The Government relies on circumstantial evidence to prove fraud on the part of the taxpayer. By the terms of § 44 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 453), in order to report the sale of real estate on the installment basis, it is necessary that the seller receive no more than thirty per cent of the total sales price during the year of sale. The Government introduced a letter from the Jenkins' account apprising Mrs. Jenkins of this fact. From this, the Government deduces that the reason for reporting that only $30,000.00 of the purchase price was received in 1949 instead of $45,000.00 was to take advantage of the installment sales provision of the Code.[2] Since there was evidence that $45,000.00 was received in 1949, the Government contends that this was evidence from which the jury could infer that the Jenkins intentionally suppressed the receipt of the extra $15,000.00 in order to take advantage of the installment method.[3] The Government further contends that these facts, together with the failure to report income from three different sources in large amounts, cannot be charged to inadvertence or carelessness.

■■ Although the Government has the burden of proving that the alleged deficiency was due to fraud by clear and convincing evidence, Bryan v. Commissioner, 5 Cir., 1954, 209 F.2d 822, it is not necessary that its case be proved beyond a reasonable doubt. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.E. 917 (1938); Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418.

2. $30,000.00 is 30% of the reported sales price of $100,000.00, while $45,000.00 is 45% of that amount. Even if the entire $125,000.00 sales price figure is used, this would still not allow the installment method to be used if $45,000.00 was received, since $45,000.00 is 36% of $125,000.00.

3. The accountant was never shown the agreement between Mrs. Jenkins and Mr. Browning as to the sale of the timber.

In this case we believe that there was ample evidence from which the jury could infer that certain transactions affecting taxpayer's income tax were deliberately or fraudulently withheld from the 1949 tax return with intent to evade the tax.

A motion for a directed verdict and a judgment notwithstanding the verdict is properly denied whenever there is a substantial conflict in the evidence from which reasonable and prudent men could conceivably draw different conclusions. Swift & Co. v. Morgan & Sturdivant, 5 Cir., 1954, 214 F.2d 115.

Here there was direct evidence that the Jenkins knew that if they reported the disputed $15,000.00 payment in connection with the timber transaction, they could not take the benefit of the installment sales provisions of the Code. This, together with evidence that the $15,000.00 was actually received, when viewed in light of the Jenkins' denial that the money was received, creates a clear issue to be decided by the jury. If the jury believed, as they undoubtedly did, that the money was received, this could be the basis for a finding of fraud by the jury. Coupled with the evidence of the receipt of unreported income from the timber transaction, was evidence that the taxpayer failed to report income from interest bearing notes and the sale of automotive equipment. We hold that this evidence was sufficient for the jury to infer that the taxpayer fraudulently withheld such income from the return with intent to evade tax. Although the mere omission of income is not in itself sufficient to establish a finding of fraud, this Court in Kalil v. Commissioner, 5 Cir., 1959, 271 F.2d 550, held that the repeated omission of reportable income or the omission of an exceptionally large item is not a *mere* omission.

For the reasons stated, this case is reversed and remanded for a new trial with directions to receive evidence at such trial in accordance with this opinion.

Reversed and remanded with directions.