WILLIAM G. VOELKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Voelker v. Commissioner
Docket No. 19258-80.
United States Tax Court
T.C. Memo 1981-67; 1981 Tax Ct. Memo LEXIS 675; 41 T.C.M. (CCH) 901; T.C.M. (RIA) 81067; February 19, 1981. William G. Voelker, pro se. Rodney J. Bartlett andFrancis J. Elward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss this case on the ground that the petition fails to state a claim upon which relief can be granted. Aftera review of the record, we agree with and adopt his opinion which is set forth below. [1]
*676 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special TrialJudge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on November 25, 1980, pursuant to Rules 40 and 53, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on July 30, 1980, determined a deficiency in petitioner's Federal income tax and an addition to the tax for the calendar year 1976 in the following respective amounts: Addition to Tax, IRC [3] 1954
Income Tax
Sec. 6653(a)
$ 4,152.00
$ 207.60
The adjustments to income as determined by respondent in his notice of deficiency are as follows: Wageincome
$ 16,016.53
Rental income
870.00
Other income
533.45
Capital gain
524.00
[4] $ 17,943.98
Petitioner *677 resided at 2606 Morton Avenue, Elkhart, Indiana, on the date he filed his petition herein. He filed a U.S. individual income tax return for 1976 with the Internal Revenue Service, on which said return he failed to include any of the income as designated hereinabove. In paragraph 4 of the petition it is alleged that respondent erred in his determination of the deficiency in tax and in determining an addition to tax for the following reasons: (a) The determination was willful, wanton, malicious, and intentional, all in violation of petitioner's rights secured by the U.S. Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, and the common law. (b) The disallowance of expenses in excess of income is arbitrary and a direct result of the agent's malice, incompetence, ignorance, and prejudice against petitioner. (c) Petitioner did not earn sufficient income in "dollars" to warrant the amounts determined by respondent. (d) The statute of limitations is a complete defense as to any tax or penalties for any year over six years old. (e) Affirmative defenses asserted by petitioner are, namely, the statute of frauds, laches, estoppel, waiver, *678 failure of jurisdiction over petitioner and the subject matter, accord and satisfaction and reliance on prior notifications of the I.R.S. stating "No Tax Due". Proceeding on to paragraph 5 of the petition, we are advised of the facts upon which petitioner relies to sustain the allegations of error described above. They are: (1) Petitioner does not waive his constitutional rights guaranteed by Article 1 of the U.S. Constitution, as more fully set forth in the Bill of Rights and, further, those rights will not be waived in order to be in obedience to unconstitutional administrative laws, rules, a number of statutory provisions and "the entire Internal Revenue Code and others". (2) Doctrines derived from various enumerated statutes are completely unconstitutional and, thus, violate petitioner's constitutional rights under the First, Fourth, Fifth, Sixth, Seventh Eighth, Ninth, Tenth, and Thirteenth Amendments to the U.S. Constitution. (3) Petitioner's claims are based upon the Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the State of Indiana, the common law, the Declaration *679 of Resolves, the Federalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, and the Declaration of Rights of 1765 and 1774. (4) Respondent has the burden of proof with respect to the adjustments in the notice of deficiency. (5) Respondent and/or his agents have violated the Administrative Procedure Act and section 7214. (6) Petitioner is entitled to a jury trial and damages against respondent in the amount of five million dollars general damages and five million dollars punitive damages payable in gold and silver coin. (7) Petitioner demands that he be given "counsel of his choice", not a member of any licensed "Bar Association" and licensed by no one but himself to speak for him as guaranteed by the First Amendment to the U.S. Constitution. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has *680 been alleged in the petition with respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional arguments. It is clear beyond doubt that the many constitutional arguments advanced by petitioner are frivolous and without merit. All of the contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. [5] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say-- *681 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [6]
Despite petitioner's protestations to the contrary, there is no adjustment in this case on which the burden of proof is placed by statute or the rules of this Court upon respondent. Hence, petitioner bears the burden of proof thereon. Rule 142(a). Welch v. Helvering, 290 U.S. 111 (1933). The record here is crystal clear. *682 Petitioner has not assigned any justiciable error with respect to the substantive adjustments to his income which were made by respondent in his notice of deficiency. Nor has petitioner alleged any justiciable facts to show that respondent erred in determining those adjustments. The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [7] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b);cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record, we are compelled to sustain respondent's determination and his motion will be granted. [8]
*683 An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded the the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on January 21, 1981. Petitioner did not appear not did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum in support of his motion were served on petitioner by the Court on December 9, 1980.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. This amount is reduced by an allowance of $ 1,400 for the standard deduction and $ 750 for a personal exemption.↩
5. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner, 71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559F.2d 1207 (3d Cir. 1977) (First Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C.834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner, T.C. Memo. 1980-483 (Thirteenth Amendment); Poen v. Commissioner, T.C. Memo. 1979-226 (Thirteenth Amendment); Lyon v. Commissioner, T.C. Memo. 1978-347 (Thirteenth Amendment). Seealso Meyers v. Commissioner, T.C. Memo. 1980-579; Egan v. Commissioner, T.C. Memo. 1980-560; Myers v. Commissioner, T.C. Memo. 1980-549; Treshman v. Commissioner, T.C. Memo. 1980-526; Upton v. Commissioner, T.C. Memo. 1980-325; Fleck v. Commissioner, T.C. Memo. 1980-281; Wharton v. Commissioner, T.C. Memo. 1980-253↩. In addition, respondent, in his memorandum, a copy of which was served on petitioner, cites many other cases pertinent to the matter at bar. We see no reason to further burden this opinion by again reciting herein those relevant opinions.
6. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
7. Indeed, if all the allegations of fact contained in the petition were taken astrue, they would fail to state a claim upon which this Court could grant any relief.↩
8. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare Sydnes v. Commissioner, 74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.