LOUIS R. GRILLIOT AND KATHLEEN M. GRILLIOT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grilliot v. Commissioner
Docket No. 10411-80.
United States Tax Court
T.C. Memo 1981-100; 1981 Tax Ct. Memo LEXIS 643; 41 T.C.M. (CCH) 1045; T.C.M. (RIA) 81100; March 3, 1981. Louis R. Grilliot and Kathleen M. Grilliot, pro se. Jane T. Dickinson and Christina Burkholder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: *644 This case was assigned to Speical Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on December 31, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
*645 Respondent, in his notice of deficiency issued to petitioners on April 4, 1980, has determined the following deficiency in, and addition to, petitioners' 1976 Federal income tax: Addition to Tax, 1954 Code
Deficiency
Section 6653(a)
$ 696.04
$ 34.80
Petitioners' address on the date they filed their petition herein was R.R. 2, Box 580, Melrose, Florida. They timely filed a joint 1976 Federal income tax return with the Internal Revenue Service Center at Cincinnati, Ohio. On that return petitioners claimed deductions for "depreciated" Federal reserve notes, which respondent has disallowed. In paragraph 4 of the petition it is alleged that respondent erred in his determination of the tax set forth in his notice of deficiency for the following reasons: (a) The determination was willful, wanton, malicious, and intentional, all in violation of petitioners' rights secured by the U.S. Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinnance, and the common law. (b) The disallowance of expenses in excess of income is arbitrary and a direct result of the agent's malice, incompetence, ignorance, and prejudice against petitioners. *646 (c) Petitioners did not earn sufficient income in "dollars" to warrant the amounts determined by respondent. (d) The statute of limitations is a complete defense as to any tax or penalties for any year over six years old. (e) Affirmative defenses asserted by petitioners are, namely, the statute of frauds, laches, estoppel, waiver, failure of jurisdiction over petitioners and the subject matter, accord and satisfaction, and reliance on prior notifications of the I.R.S. stating "No Tax Due". Proceeding on to paragraph 5 of the petition, we are advised of the facts upon which petitioners rely to sustain their allegations of error described above. They are: (1) Petitioners do not waive their constitutional rights guaranteed by Article 1 of the U.S. Constitution, as more fully set forth in the Bill of Rights and, further, those rights will not be waived in order to be in obedience to unconstitutional administrative laws, rules, a number of statutory provisions and "the entire Internal Revenue Code and others". (2) Doctrines derived from various enumerated statutes are completely unconstitutional and, thus, violate petitioners' constitutional rights under the First, *647 Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments to the U.S. Constitution. (3) Petitioners' claims are based upon he Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the state of Florida, the common law, the Declaration of Resolves, the Federalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, and the Declaration of Rights of 1765 and 1774. (4) Respondent has the burden of proof with respect to the adjustments in the notice of deficiency. (5) Respondent and/or his agents have violated the Administrative Procedure Act and section 7214. (6) Petitioners are entitled to a jury trial and damages against respondent in the amount of five million dollars general damages and five million dollars punitive damages payable in gold and silver coin. (7) Petitioners demand that they be given "counsel of their choice", not a member of any licensed "Bar Association" and licensed by no one but themselves to speak for them as guaranteed by the First Amendment to the U.S. Constitution. Rule 34(b) provides in pertinent part that the petition *648 in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error (with a possible exception as to the addition to the tax) has been alleged in the petition with respect to the Commissioner's determination of the deficiency. In any event, it is certain that no justiciable facts in support of any error asserted in paragraph 4 of the petition are extant in paragraph 5 of the petition. Rather, petitioners consume their entire petition raising, in the main, a plethora of constitutional arguments. It is clear beyond doubt that the many constitutional arguments advanced by petitioners are frivolous and without merit. All of the contentions they have raised have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. [3] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), *649 we had this to say-- *650 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [4]
There is no adjustment in this case on which the burden of proof is placed by statute or the rules of this Court upon respondent. Hence, petitioners bear the burden of proof thereon. Rule 142(a). Welch v. Helvering,290 U.S. 111 (1933). This is so not only with respect to the income tax deficiency but also in regard to *651 the addition to the tax. See Mensik v. Commissioner,T.C. Memo. 1979-4 and the cases there cited. Petitioners' assertion of the statute of limitations as a defense is baseless. Their 1976 Federal income tax return was due to be filed on or before April 15, 1977. Respondent's notice of deficiency was mailed to petitioners on April 4, 1980, which date was within the three-year period provided by section 6501, Internal Revenue Code of 1954, as amended. The balance of petitioners' contentions are equally baseless. [5]
*652 Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings * * * and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" Here, petitioners have refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings and the exhibit attached to respondent's motion, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted. [6]
*653 An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on February 18, 1981. Petitioners did not appear. However, on February 9, 1981, they filed a "Written Opposition to Summary Judgment" with attachment.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Richardson v. Commissioner,72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner,71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner,62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick,214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner,T.C. Memo. 1980-483 (Thirteenth Amendment); Poen v. Commissioner,T.C. Memo. 1979-226 (Thirteenth Amendment); Lyon v. Commissioner,T.C. Memo. 1978-347 (Thirteenth Amendment). See also Edens v. Commissioner,T.C. Memo. 1981-66; Voelker v. Commissioner,T.C. Memo. 1981-67; Meyers v. Commissioner,T.C. Memo. 1980-579; Fleck v. Commissioner,T.C. Memo. 1980-281; Ross v. Commissioner,T.C. Memo. 1978-203; Johnson v. Commissioner,T.C. Memo. 1979-313; Armstrong v. Commissioner,T.C. Memo. 1979-210; Babcock v. Commissioner,T.C. Memo. 1979-161; Babcock v. Commissioner,T.C. Memo. 1979-160↩.
4. The Court's language in Hatfield,↩ so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
5. Federal reserve notes constitute legal tender--"money"--which must be reported on a taxpayer's return in accordance with his method of accounting. Cupp v. Commissioner,supra;Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). A taxpayer is not entitled to a trial by jury in the U.S. Tax Court. Sec. 7453, 1954 Code. See Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra;Gajewski v. Commissioner,supra; and Wilkinson v. Commissioner,supra.
The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,supra; and Klir v. Commissioner,T.C. Memo. 1979-259↩.
6. Although we considered imposing damages against petitioners pursuant to sec. 6673, 1954 Code, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare Sydnes v. Commissioner,74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner,73 T.C. 806 (1980); and Wilkinson v. Commissioner,supra,↩ where damages were imposed.